UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Tyquan Fortune, | ) C/A No. 4:08-01891-RBH-TER |
|           Plaintiff, | ) |
| | ) REPORT AND |
| v. | ) RECOMMENDATION |
| | ) |
| Reynaldo Meyers, Director; | ) |
| Milton Pope, County Commissioner; | ) |
| Assistant Dir. Harrell, Capt. William Refo; | ) |
| Capt. Michael Higgins; Capt. Redman; | ) |
| Capt. Bowman, | ) |
| | ) |
|           Defendants. | ) |

## I. PROCEDURAL BACKGROUND

The Plaintiff, Tyquan Fortune ("Plaintiff"), filed this action under 42 U.S.C. § 1983[1] on May 13, 2008. Plaintiff alleges that his constitutional rights were violated by Defendants. Defendants filed a motion to dismiss or in the alternative for summary judgment on October 20, 2008. Because Plaintiff is proceeding pro se, the court issued an order on or about November 4, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising that a failure to respond to the Defendants' motion could result in the dismissal of his complaint. The *Roseboro* Order was returned to the Clerk of Court's office *via* United States Postal Service on November 12, 2008, marked "No Longer At This Address-Return to Sender." (Document #42).

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

In the motion to dismiss or in the alternative for summary judgment, the Defendants assert that the case should be dismissed for failure to prosecute. Defendants assert that the Plaintiff has failed to update his address with the court or the Defendants after being specifically instructed by the court of his obligations with regards to this matter and specifically warned of the potential consequences for failing to abide by the Orders of the Court. Therefore, Defendants request that the case be dismissed with prejudice pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

The Court issued a Proper Form Order on June 5, 2008, in which Plaintiff was ordered to always keep the Clerk of Court advised in writing of his current address and advising that his case may be dismissed for violating the order. In addition to the *Roseboro* order being returned as undeliverable, an order issued on September 5, 2008, of which a copy was mailed to Plaintiff, was returned to the Clerk of Court's office *via* United States Postal Service on September 15, 2008.

### A. RULE 41(B) DISMISSAL

A complaint may be dismissed pursuant to Rule 41 (b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court. Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied 493 U.S. 1084 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982). In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:

(1)   the degree of plaintiff's responsibility in failing to respond;

(2)   the amount of prejudice to the defendant;

  (3) the history of the plaintiff in proceeding in a dilatory manner; and,

  (4) the existence of less drastic sanctions other than dismissal.

Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

  In the present case, the Plaintiff is proceeding pro se so he is entirely responsible for his actions. It is solely through Plaintiff's neglect, and not that of an attorney, that no responses have been filed. Plaintiff has not responded to Defendants' motion to dismiss for lack of prosecution or, in the alternative, for summary judgment, or the court's Order requiring him to respond. Further, the *Roseboro* Order and the Order of September 5, 2008, were returned to the Clerk of Court's office *via* United States Postal Service as undeliverable. Plaintiff has not provided the court with an updated address. The undersigned concludes the Plaintiff has abandoned his lawsuit as to these Defendants. No other reasonable sanctions are available. Accordingly, it is recommended that Defendants' motion to dismiss for failure to prosecute be granted and this action be dismissed pursuant to Fed. R. Civ. Proc. 41(b).

## II.  CONCLUSION

  As set out above, a review of the record indicates that the Plaintiff's complaint should be dismissed for failure to prosecute. It is, therefore,

  RECOMMENDED that Defendants' motion to dismiss for failure to prosecute be GRANTED (doc. #38) and Plaintiff's complaint be dismissed for failure to prosecute pursuant to Fed. R. Civ. Proc. 41(b) with prejudice.

                    Respectfully submitted,

                    s/Thomas E. Rogers, III
                    Thomas E. Rogers, III
                    United States Magistrate Judge

December 9, 2008
Florence, South Carolina

**The parties' attention is directed to the important information on the attached notice.**